# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERRERA,<br><br>        Plaintiff,<br><br>   v.<br><br>L. VASQUES, et al.,<br><br>        Defendants. | 1:12-cv-01856-BAM (PC)<br><br>SCREENING ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM AND GRANTING LEAVE TO AMEND<br>(ECF No. 1)<br><br>THIRTY-DAY DEADLINE |

**I.    Screening Requirement and Standard**

Plaintiff Roberto Herrera ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on November 13, 2012, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.    Plaintiff's Allegations**

Plaintiff is currently housed at Corcoran State Prison ("CSP"), where the events in his complaint are alleged to have occurred.  Plaintiff names (1) Dr. Smith, a podiatry specialist, (2) Dr. Nareddy, (3) PA Sosolda, (4) an unknown physical therapist, (5) Dr. Jeffrey Wang, CMO, (6) Teresa Macias, (7) Vasques and (8) L. D. Zamora.

Plaintiff's handwriting is difficult to discern.  Plaintiff's allegations are summarized as follows:  Plaintiff suffers from chronic pain due to a left leg that had been shattered and repaired with implanted devices.  As part of his medical problem to his right ankle, Dr. Nareddy referred Plaintiff to Dr. Smith.  Dr. Smith recommended removal of two screws on Plaintiff's right ankle. Dr. Nareddy did not run a scan to determine if removal of the screws would help, but he submitted paperwork to have the screws removed.

On March 27, 2012, Dr. Smith removed the screws, which made Plaintiff's problem worse.  Plaintiff's medication also was not helping with his condition or problem.

1  On April 4, 2012, Plaintiff saw PA Sosolda because the medication was not helping Plaintiff's pain. PA Sosolda refused to do anything.

Plaintiff complains that all medical personnel defendants have refused to give him effective treatment in violation of his Eighth Amendment rights. Plaintiff also complains that a pain committee denied him long term effective medication for his chronic pain disease.

On April 19, 2012, Plaintiff saw a physical therapist because the medication was not helping with the pain. Plaintiff was not able to do the therapy and the physical therapist reported that Plaintiff was not being cooperative. Plaintiff claims that the therapist lied by stating that Plaintiff had improvement with weight bearing and walking. Plaintiff asserts that his medicine was degraded to other medication known not to be effective.

In May 2012, Plaintiff saw Dr. Nareddy regarding his medication. Dr. Nareddy gave Plaintiff other medications.

On June 12, 2012, Defendant Vasques reviewed Plaintiff's medication concerns, but refused to do anything. On May 21, June 15, and June 22, 2012, Dr. Wang refused to do anything further regarding the matter. On June 12, 2012 and June 25, 2012, Defendant Macias refused to do anything further regarding Plaintiff's condition. On October 24, 2012, Defendant Zamora refused to do anything.

Plaintiff includes as an exhibit his inmate appeal, COR HC 12050236.

### III. Deficiencies of Complaint

As Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim, Plaintiff's complaint will be dismissed with leave to amend. To assist Plaintiff in amending his complaint, Plaintiff is provided with the applicable pleading and legal standards.

#### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal,

1   556 U.S. at 678 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as
2   true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting
3   Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are
4   not. Id; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

5          Plaintiff's complaint is sparse and does not clearly set forth the factual allegations
6   underlying his claims.  His allegations are conclusory and fail to describe specific actions by the
7   different defendants.  If Plaintiff elects to amend his complaint, he must set forth factual
8   allegations against each defendant sufficient to state a claim.

### B.    Eighth Amendment – Medical Care

10          "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an
11   inmate must show "deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d
12   1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50
13   L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show
14   (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could
15   result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2)
16   "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

17          Deliberate indifference is shown where the official is aware of a serious medical need and
18   fails to adequately respond. Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1018 (9th Cir.
19   2010). "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v.
20   Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from
21   which he could make an inference that "a substantial risk of serious harm exists" and he must
22   make the inference. Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d
23   811(1994).

24          Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of
25   action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980), citing Estelle, 429
26   U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a
27   medical condition does not state a valid claim of medical mistreatment under the Eighth
28   Amendment. Medical malpractice does not become a constitutional violation merely because the

1  victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d
2  1310, 1316 (9th Cir.1995). Even gross negligence is insufficient to establish deliberate
3  indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th
4  Cir.1990).

### Defendant Dr. Smith

Plaintiff fails to state a cognizable claim for deliberate indifference to serious medical needs against Defendant Dr. Smith. Plaintiff merely alleges that Defendant Dr. Smith removed screws from Plaintiff's ankle, which did not resolve his problem and worsened his pain. Construing Plaintiff's allegations liberally, Plaintiff has merely asserted a claim for medical negligence, which is not sufficient to establish deliberate indifference to serious medical needs. Broughton, 622 F.2d at 460.

### Defendant Dr. Nareddy

Plaintiff alleges that Dr. Nareddy submitted paperwork for surgery recommended by Dr. Smith without conducting a scan. Plaintiff also alleges that Dr. Nareddy gave Plaintiff other medication in May 2012. Dr. Nareddy interviewed Plaintiff at the first level of his health care appeal on May 15, 2012. It was noted that Plaintiff was receiving Ibuprofen for pain and that he would not receive any more narcotics. (ECF No. 1, p. 11.) Plaintiff has failed to state a claim against Dr. Nareddy for deliberate indifference to serious medical needs. At best, Plaintiff's allegations amount to a difference of opinion between a healthcare professional and a prisoner, which does not rise to the level of deliberate indifference. Toguchi, 391 F.3d at 1058.

### Defendant Pa Sosolda

On April 4, 2012, Plaintiff saw PA Sosolda because his medication was not helping with pain, but PA Sosolda refused to do anything. Plaintiff's allegations against Defendant Sosolda are insufficient to state a claim for deliberate indifference to serious medical needs. Plaintiff fails to set forth sufficient factual allegations to establish that Defendant Sosolda was aware of a substantial risk of serious harm. Plaintiff's conclusory statements are not sufficient.

///

///

Physical Therapist

Plaintiff complains that an unidentified physical therapist reported that Plaintiff was not being cooperative and wrongly stated that Plaintiff had improvement with weight bearing and walking. At best, Plaintiff has stated difference of opinion between a healthcare professional and a prisoner, which does not rise to the level of deliberate indifference. Toguchi, 391 F.3d at 1058.

Defendants Wang and Macias

Plaintiff alleges that Defendants Wang and Macias failed to do anything about his condition. On June 25, 2012, Defendants Wang and Macias reviewed Plaintiff's appeal at the second level. They found that Plaintiff had been evaluated for and treated with physical therapy, and that the pain committee found that he should be denied long-term use of narcotics. Defendants also found that Plaintiff had an active prescription for Tylenol and Salsate and recently had been changed from Ibuprofen and Amitriptyline HCL. (ECF No. 1, pp. 12-13.) Again, Plaintiff's allegations amount to a difference of opinion between a healthcare professional and a prisoner, which does not rise to the level of deliberate indifference. Toguchi, 391 F.3d at 1058.

Defendant Zamora

Plaintiff alleges that Defendant Zamora refused to do anything. On October 24, 2012, Defendant Zamora denied Plaintiff's appeal at the third level of review. Defendant Zamora found that Plaintiff had received ongoing evaluation and treatment of his health care concerns, including his orthopedic issues, and that long-term narcotic pain medication use was not medically indicated. Defendant Zamora also noted that Plaintiff had received orthopedic shoes, had been evaluated for physical therapy in April 2012 and had active prescriptions for acetaminophen with codeine and naproxen for pain. (ECF No. 1, pp. 14-15.) Again, Plaintiff's allegations amount at most to a difference of opinion between a healthcare professional and a prisoner, which does not rise to the level of deliberate indifference. Toguchi, 391 F.3d at 1058.[1]

Defendant Vasques

Plaintiff alleges that on June 12, 2012, Defendant Vasques reviewed Plaintiff's medication concerns, but refused to do anything. Plaintiff does not state a cognizable claim for

deliberate indifference to serious medical needs against Defendant Vasques. Plaintiff has failed to establish that Defendant Vasques was aware of facts that a substantial risk of serious harm existed. Plaintiff's conclusory allegations are not sufficient.

### IV.     Conclusion and Order

Plaintiff's complaint fails to state a cognizable claim against any of the defendants. However, the Court will provide Plaintiff with the opportunity to file an amended complaint to cure the identified deficiencies. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what the named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint; and

/////
/////
/////
/////

4. <u>If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed with prejudice for failure to state a claim.</u>

IT IS SO ORDERED.

Dated: __**November 12, 2013**__        ____/s/ Barbara A. McAuliffe____
                                                             UNITED STATES MAGISTRATE JUDGE