# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERRERA,<br><br>        Plaintiff,<br><br>   v.<br><br>L. VASQUES, et al.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 1:12-cv-01856-BAM (PC)<br><br>SCREENING ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM AND GRANTING LEAVE TO AMEND<br>(ECF No. 1)<br><br>THIRTY-DAY DEADLINE |

## I.     Screening Requirement and Standard

Plaintiff Roberto Herrera ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's complaint, filed on November 13, 2012, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1

1    conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937,

2    1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65

3    (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge

4    unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)

5    (internal quotation marks and citation omitted).

6           Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings

7    liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338,

8    342 (9th Cir. 2010) (citations omitted).  To survive screening, Plaintiff's claims must be facially

9    plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each

10   named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949

11   (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir.

12   2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere

13   consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at

14   678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

15          **II.      Plaintiff's Allegations**

16          Plaintiff is currently housed at Corcoran State Prison ("CSP"), where the events in his

17   complaint are alleged to have occurred.  Plaintiff names (1) Dr. Smith, a podiatry specialist, (2)

18   Dr. Nareddy, (3) PA Sosolda, (4) an unknown physical therapist, (5) Dr. Jeffrey Wang, CMO,

19   (6) Teresa Macias, (7) Vasques and (8) L. D. Zamora.

20          Plaintiff's handwriting is difficult to discern.  Plaintiff's allegations are summarized as

21   follows:  Plaintiff suffers from chronic pain due to a left leg that had been shattered and repaired

22   with implanted devices.  As part of his medical problem to his right ankle, Dr. Nareddy referred

23   Plaintiff to Dr. Smith.  Dr. Smith recommended removal of two screws on Plaintiff's right ankle.

24   Dr. Nareddy did not run a scan to determine if removal of the screws would help, but he

25   submitted paperwork to have the screws removed.

26          On March 27, 2012, Dr. Smith removed the screws, which made Plaintiff's problem

27   worse.  Plaintiff's medication also was not helping with his condition or problem.

28

1    On April 4, 2012, Plaintiff saw PA Sosolda because the medication was not helping

2  Plaintiff's pain.  PA Sosolda refused to do anything.

3    Plaintiff complains that all medical personnel defendants have refused to give him

4  effective treatment in violation of his Eighth Amendment rights.  Plaintiff also complains that a

5  pain committee denied him long term effective medication for his chronic pain disease.

6    On April 19, 2012, Plaintiff saw a physical therapist because the medication was not

7  helping with the pain.  Plaintiff was not able to do the therapy and the physical therapist reported

8  that Plaintiff was not being cooperative.  Plaintiff claims that the therapist lied by stating that

9  Plaintiff had improvement with weight bearing and walking.  Plaintiff asserts that his medicine

10  was degraded to other medication known not to be effective.

11    In May 2012, Plaintiff saw Dr. Nareddy regarding his medication.  Dr. Nareddy gave

12  Plaintiff other medications.

13    On June 12, 2012, Defendant Vasques reviewed Plaintiff's medication concerns, but

14  refused to do anything.  On May 21, June 15, and June 22, 2012, Dr. Wang refused to do

15  anything further regarding the matter.  On June 12, 2012 and June 25, 2012, Defendant Macias

16  refused to do anything further regarding Plaintiff's condition.  On October 24, 2012, Defendant

17  Zamora refused to do anything.

18    Plaintiff includes as an exhibit his inmate appeal, COR HC 12050236.

19  **III.    Deficiencies of Complaint**

20    As Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails

21  to state a cognizable claim, Plaintiff's complaint will be dismissed with leave to amend.  To

22  assist Plaintiff in amending his complaint, Plaintiff is provided with the applicable pleading and

23  legal standards.

24    **A.  Federal Rule of Civil Procedure 8**

25    Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and

26  plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

27  As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the

28  elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal,

1   556 U.S. at 678 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as

2   true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting

3   Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are

4   not. Id; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

5        Plaintiff's complaint is sparse and does not clearly set forth the factual allegations

6   underlying his claims.  His allegations are conclusory and fail to describe specific actions by the

7   different defendants.  If Plaintiff elects to amend his complaint, he must set forth factual

8   allegations against each defendant sufficient to state a claim.

9                    **B.        Eighth Amendment – Medical Care**

10        "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an

11   inmate must show "deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d

12   1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50

13   L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show

14   (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could

15   result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2)

16   "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

17        Deliberate indifference is shown where the official is aware of a serious medical need and

18   fails to adequately respond. Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1018 (9th Cir.

19   2010). "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v.

20   Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from

21   which he could make an inference that "a substantial risk of serious harm exists" and he must

22   make the inference.  Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d

23   811(1994).

24        Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of

25   action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980), citing Estelle, 429

26   U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a

27   medical condition does not state a valid claim of medical mistreatment under the Eighth

28   Amendment. Medical malpractice does not become a constitutional violation merely because the

1  victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d

2  1310, 1316 (9th Cir.1995). Even gross negligence is insufficient to establish deliberate

3  indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th

4  Cir.1990).

5       Defendant Dr. Smith

6       Plaintiff fails to state a cognizable claim for deliberate indifference to serious medical

7  needs against Defendant Dr. Smith.  Plaintiff merely alleges that Defendant Dr. Smith removed

8  screws from Plaintiff's ankle, which did not resolve his problem and worsened his pain.

9  Construing Plaintiff's allegations liberally, Plaintiff has merely asserted a claim for medical

10  negligence, which is not sufficient to establish deliberate indifference to serious medical needs.

11  Broughton, 622 F.2d at 460.

12       Defendant Dr. Nareddy

13       Plaintiff alleges that Dr. Nareddy submitted paperwork for surgery recommended by Dr.

14  Smith without conducting a scan.  Plaintiff also alleges that Dr. Nareddy gave Plaintiff other

15  medication in May 2012.  Dr. Nareddy interviewed Plaintiff at the first level of his health care

16  appeal on May 15, 2012.  It was noted that Plaintiff was receiving Ibuprofen for pain and that he

17  would not receive any more narcotics.  (ECF No. 1, p. 11.)  Plaintiff has failed to state a claim

18  against Dr. Nareddy for deliberate indifference to serious medical needs.  At best, Plaintiff's

19  allegations amount to a difference of opinion between a healthcare professional and a prisoner,

20  which does not rise to the level of deliberate indifference. Toguchi, 391 F.3d at 1058.

21       Defendant Pa Sosolda

22       On April 4, 2012, Plaintiff saw PA Sosolda because his medication was not helping with

23  pain, but PA Sosolda refused to do anything.  Plaintiff's allegations against Defendant Sosolda

24  are insufficient to state a claim for deliberate indifference to serious medical needs.  Plaintiff

25  fails to set forth sufficient factual allegations to establish that Defendant Sosolda was aware of a

26  substantial risk of serious harm.  Plaintiff's conclusory statements are not sufficient.

27  ///

28  ///

5

1      Physical Therapist

2          Plaintiff complains that an unidentified physical therapist reported that Plaintiff was not

3    being cooperative and wrongly stated that Plaintiff had improvement with weight bearing and

4    walking.  At best, Plaintiff has stated difference of opinion between a healthcare professional and

5    a prisoner, which does not rise to the level of deliberate indifference. Toguchi, 391 F.3d at 1058.

6          Defendants Wang and Macias

7          Plaintiff alleges that Defendants Wang and Macias failed to do anything about his

8    condition.  On June 25, 2012, Defendants Wang and Macias reviewed Plaintiff's appeal at the

9    second level.  They found that Plaintiff had been evaluated for and treated with physical therapy,

10   and that the pain committee found that he should be denied long-term use of narcotics.

11   Defendants also found that Plaintiff had an active prescription for Tylenol and Salsate and

12   recently had been changed from Ibuprofen and Amitriptyline HCL.  (ECF No. 1, pp. 12-13.)

13   Again, Plaintiff's allegations amount to a difference of opinion between a healthcare professional

14   and a prisoner, which does not rise to the level of deliberate indifference. Toguchi, 391 F.3d at

15   1058.

16         Defendant Zamora

17         Plaintiff alleges that Defendant Zamora refused to do anything.  On October 24, 2012,

18   Defendant Zamora denied Plaintiff's appeal at the third level of review.  Defendant Zamora

19   found that Plaintiff had received ongoing evaluation and treatment of his health care concerns,

20   including his orthopedic issues, and that long-term narcotic pain medication use was not

21   medically indicated.  Defendant Zamora also noted that Plaintiff had received orthopedic shoes,

22   had been evaluated for physical therapy in April 2012 and had active prescriptions for

23   acetaminophen with codeine and naproxen for pain.  (ECF No. 1, pp. 14-15.)   Again, Plaintiff's

24   allegations amount at most to a difference of opinion between a healthcare professional and a

25   prisoner, which does not rise to the level of deliberate indifference. Toguchi, 391 F.3d at 1058.1

26         Defendant Vasques

27         Plaintiff alleges that on June 12, 2012, Defendant Vasques reviewed Plaintiff's

28   medication concerns, but refused to do anything.  Plaintiff does not state a cognizable claim for

1    deliberate indifference to serious medical needs against Defendant Vasques.  Plaintiff has failed

2    to establish that Defendant Vasques was aware of facts that a substantial risk of serious harm

3    existed.  Plaintiff's conclusory allegations are not sufficient.

4              **IV.     Conclusion and Order**

5              Plaintiff's complaint fails to state a cognizable claim against any of the defendants.

6    However, the Court will provide Plaintiff with the opportunity to file an amended complaint to

7    cure the identified deficiencies. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  Plaintiff

8    may not change the nature of this suit by adding new, unrelated claims in his amended

9    complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

10             Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what

11   the named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556

12   U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must

13   be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at

14   555 (citations omitted).

15             Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.

16   Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012) (en banc).  Therefore, Plaintiff's

17   amended complaint must be "complete in itself without reference to the prior or superseded

18   pleading."  Local Rule 220.

19             Based on the foregoing, it is HEREBY ORDERED that:

20             1.   The Clerk's Office shall send Plaintiff a complaint form;

21             2.   Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be

22                  granted;

23             3.   Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a

24                  first amended complaint; and

25   /////

26   /////

27   /////

28   /////

1      4.   If Plaintiff fails to file a first amended complaint in compliance with this order, this

2           action will be dismissed with prejudice for failure to state a claim.

3

4   IT IS SO ORDERED.

5

    Dated:    **November 12, 2013**              /s/ *Barbara A. McAuliffe*
6                                          UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28