UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERRERA, | ) 1:12-cv-01856-BAM (PC) |
| Plaintiff, | ) SCREENING ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM AND GRANTING LEAVE TO AMEND |
| v. | |
| L. VASQUES, et al., | ) (ECF No. 13) |
| Defendants. | ) THIRTY-DAY DEADLINE |

**I.  Screening Requirement and Standard**

Plaintiff Roberto Herrera ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On November 12, 2013, the Court dismissed Plaintiff's complaint and granted him leave to amend. Plaintiff's first amended complaint, filed on December 6, 2013, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at Corcoran State Prison ("CSP"), where the events in his complaint are alleged to have occurred. Plaintiff names (1) Dr. Smith, a podiatry specialist, (2) Dr. Nareddy, (3) PA Sosolda, (4) an unknown physical therapist, (5) Dr. Jeffrey Wang, CMO, (6) Teresa Macias, (7) L. Vasques and (8) L. D. Zamora.

Plaintiff's handwriting is nearly illegible and the pages of his complaint were submitted out of order. Plaintiff's allegations are summarized as follows: Plaintiff suffers from a chronic pain condition on his right ankle. His ankle was fractured several years ago and screws were used to repair the ankle. The bone did not heal right, causing Plaintiff pain with walking. Defendant Smith decided to remove the screws, which made Plaintiff's pain and suffering worse. Defendant Nareddy made the order for the screws to be removed. Defendant Nareddy also refused to provide Plaintiff with medication that would help ease Plaintiff's chronic pain.

Thereafter, Plaintiff was seen by Defendant Sosolda for his chronic pain. Defendant Sosolda refused to provide Plaintiff with medication that would ease his chronic pain and suffering.

Defendant Wang issued a chrono and was aware that Plaintiff was not being provided with effective medication to ease his pain. Defendant Wang did nothing about it, but was legally responsible because he was aware of it and responsible for Plaintiff's health.

Defendant Macias, the CEO for Corcoran Prison Health Care, is responsible for Plaintiff's well-being. She was aware of the defendant doctors' refusal to provide Plaintiff with medication to help him ease his chronic pain and suffering. She refused to do anything about it.

Defendant physical therapist lied and made false reports stating that Plaintiff was okay. Because the physical therapist lied, Defendants refused to provide Plaintiff with medication to help ease his chronic pain and suffering.

Defendant Zamora, chief for Corcoran, was aware of Plaintiff's chronic pain and suffering, but refused to do anything about it.

### III. Deficiencies of Complaint

As Plaintiff's amended complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim, Plaintiff's complaint will be dismissed with a final opportunity to amend. To assist Plaintiff in amending his complaint, Plaintiff is provided with the applicable pleading and legal standards.

#### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

Plaintiff's complaint is sparse and does not clearly set forth the factual allegations underlying his claims. His allegations are conclusory and fail to describe specific actions by the different defendants. If Plaintiff elects to amend his complaint, he must set forth factual allegations against each defendant sufficient to state a claim.

### B. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).

In his complaint, Plaintiff fails to identify and link Defendant Vasques to any violation of his rights. If Plaintiff elects to amend his complaint, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's rights.

### C. Eighth Amendment – Medical Care

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs."" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

4

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811(1994).

Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980), citing Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir.1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.1990).

Defendant Dr. Smith

Plaintiff fails to state a cognizable claim for deliberate indifference to serious medical needs against Defendant Dr. Smith. Plaintiff merely alleges that Defendant Dr. Smith removed screws from Plaintiff's ankle, which did not resolve his problem and worsened his pain. Construing Plaintiff's allegations liberally, Plaintiff has merely asserted a claim for medical negligence, which is not sufficient to establish deliberate indifference to serious medical needs. Broughton, 622 F.2d at 460.

Defendant Dr. Nareddy

Plaintiff alleges that Dr. Nareddy referred Plaintiff for removal of the screws in his ankle. Plaintiff also alleges that Defendant Nareddy refused medication that would help with Plaintiff's pain and suffering. At best, Plaintiff's allegations amount to a difference of opinion between a

1  healthcare professional and a prisoner, which does not rise to the level of deliberate indifference.
2  Toguchi, 391 F.3d at 1058.

### Defendant Sosolda

Plaintiff alleges that Defendant Sosolda refused to provide medication for Plaintiff's chronic pain.  Plaintiff's allegations against Defendant Sosolda are insufficient to state a claim for deliberate indifference to serious medical needs.  Plaintiff fails to set forth sufficient factual allegations to establish that Defendant Sosolda was aware of a substantial risk of serious harm.  Plaintiff's conclusory statements are not sufficient.

### Physical Therapist

Plaintiff alleges that the Defendant physical therapist lied and, as a result, Defendants refused to provide Plaintiff with medication to help ease his chronic pain and suffering.  Plaintiff's conclusory allegations are not sufficient to state a claim.  At best, Plaintiff has merely asserted a claim for negligence against the physical therapist, which is not sufficient to establish deliberate indifference to serious medical needs.  Broughton, 622 F.2d at 460.

### Defendants Wang, Macias and Zamora

Plaintiff alleges that Defendants Wang and Macias failed to do anything about his condition despite their positions of responsibility and their awareness of Plaintiff's condition.  Plaintiff also alleges that Defendant Zamora, chief for Corcoran, was aware of Plaintiff's chronic pain and suffering, but refused to do anything about it.  Plaintiff's conclusory allegations are not sufficient to state a claim for deliberate indifference against Defendants Wang, Macias and Zamora.

To the extent Plaintiff seeks to impose liability against Defendants Wang, Macias and Zamora based on their supervisory positions, he may not do so.  Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons, 609 F.3d at 1020-21; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045

(9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff's conclusory allegations are not sufficient to establish that Defendants Wang, Macias and Zamora participated in or directed the purported violations, or knew of the violations and failed to act to prevent them. Plaintiff will be given an opportunity to cure this deficiency.

### IV.   Conclusion and Order

Plaintiff's first amended complaint fails to state a cognizable claim against any of the defendants. The Court will provide Plaintiff with a final opportunity to file an amended complaint to cure the identified deficiencies. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what the named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's first amended complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint; and

4. <u>If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed with prejudice for failure to state a claim.</u>

IT IS SO ORDERED.

Dated: **December 19, 2013**              /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE