# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERRERA,<br><br>          Plaintiff,<br><br>   v.<br><br>L. VASQUES, et al.,<br><br>          Defendants. | 1:12-cv-01856-BAM (PC)<br><br>ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM |

## I.      Screening Requirement and Standard

Plaintiff Roberto Herrera ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On November 12, 2013, the Court dismissed Plaintiff's complaint and granted him leave to amend.  Plaintiff filed a first amended complaint on December 6, 2013.  On December 19, 2013, the Court dismissed the first amended complaint and granted Plaintiff a final opportunity to amend.  Plaintiff's second amended complaint, filed on February 13, 2014, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.    Plaintiff's Allegations**

Plaintiff is currently housed at Corcoran State Prison ("CSP"), where the events in his complaint are alleged to have occurred. Plaintiff names (1) Dr. Smith, a podiatry specialist, (2) Dr. Nareddy, (3) Nurse Practitioner Sosolda, (4) an unknown physical therapist, (5) Dr. Jeffrey Wang, CMO, (6) Teresa Macias, (7) L. Vasques and (8) L. D. Zamora.

Plaintiff's handwriting is difficult to read. The Court therefore summarizes Plaintiff's allegations as follows: Plaintiff suffers from a chronic pain condition on his right heel/ankle. His ankle bone was fractured several years ago and screws were used to repair the fractured bone. The bone did not heal properly, which caused pain with walking. Defendant Dr. Nareddy referred Plaintiff to Defendant Dr. Smith, a podiatry specialist. Plaintiff contends that Defendant Dr. Nareddy refused to resolve Plaintiff's problem with medicine not relieving his pain.

1    Defendant Dr. Smith decided to perform surgery to remove the screws in Plaintiff's right

2    heel ankle without first ordering a scan to determine if removing the screws would resolve

3    Plaintiff's condition.  After Defendant Dr. Smith removed the screws, Plaintiff's condition

4    worsened.  He cannot walk or stand for long periods of time and cannot sleep because of pain.

5    Plaintiff now uses a wheelchair because of the screw removal.

6    Plaintiff saw Defendant Solsolda for his medical condition worsening and his pain

7    medication not helping, but Defendant Solsolda refused to do anything about his pain.

8    Plaintiff alleges that Defendant Wang is, or was, the acting the CMO and was aware of

9    medical doctors refusing to provide Plaintiff with effective pain medication and the doctor

10   making Plaintiff's condition worse.  Plaintiff contends that Defendant Wang refused to do

11   anything about Plaintiff's chronic pain and suffering.

12   Plaintiff further alleges that Defendant Macias is responsible for his pain and suffering

13   because she is the CEO for Corcoran Health Care.  Plaintiff contends that Defendant Macias was

14   aware of the refusal to provide effective pain medication, but did nothing about it.

15   Plaintiff alleges that the physical therapist lied about Plaintiff's condition after the screws

16   were removed.  As a result of the lie that he was in good condition, staff refused to provide

17   Plaintiff with effective pain medication.

18   **III.   Discussion**

19   **A.  Federal Rule of Civil Procedure 8**

20   Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and

21   plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

22   As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the

23   elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal,

24   556 U.S. at 678 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as

25   true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting

26   Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are

27   not. Id; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

28

Plaintiff's complaint is sparse and does not clearly set forth the factual allegations underlying his claims.  His allegations are conclusory and fail to describe specific actions by the different defendants.  Plaintiff has been unable to cure this deficiency despite being provided with the relevant pleading standard.

### B.  Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).

In his complaint, Plaintiff fails to identify and link Defendants Vasques and Zamora to any violation of Plaintiff's rights.  Plaintiff was previously informed that he must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's rights, but he has been unable to cure this deficiency.

### C.        Eighth Amendment – Medical Care

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could

1    result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2)

2    "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

3            Deliberate indifference is shown where the official is aware of a serious medical need and

4    fails to adequately respond. Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1018 (9th Cir.

5    2010). "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v.

6    Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from

7    which he could make an inference that "a substantial risk of serious harm exists" and he must

8    make the inference.  Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d

9    811(1994).

10            Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of

11    action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980), citing Estelle, 429

12    U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a

13    medical condition does not state a valid claim of medical mistreatment under the Eighth

14    Amendment. Medical malpractice does not become a constitutional violation merely because the

15    victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d

16    1310, 1316 (9th Cir.1995). Even gross negligence is insufficient to establish deliberate

17    indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th

18    Cir.1990).

19            Defendant Dr. Smith

20            Plaintiff fails to state a cognizable claim for deliberate indifference to serious medical

21    needs against Defendant Dr. Smith.  Plaintiff alleges that Defendant Dr. Smith failed to conduct

22    a scan before removing screws from Plaintiff's ankle and that the removal of the screws

23    worsened Plaintiff's conditions.  Construing Plaintiff's allegations liberally, Plaintiff has merely

24    asserted a claim for medical negligence, which is not sufficient to establish deliberate

25    indifference to serious medical needs.  Broughton, 622 F.2d at 460.  Despite being provided the

26    relevant legal standard, Plaintiff has been unable to cure the deficiency in his claim against

27    Defendant Dr. Smith.

28    ///

<u>Defendant Dr. Nareddy</u>

Plaintiff alleges that Dr. Nareddy referred Plaintiff for removal of the screws in his ankle. Plaintiff also alleges that Defendant Nareddy refused to resolve Plaintiff's problem with his medicine not relieving pain. Plaintiff generally alleges that his pain medication was not effective. These allegations are not sufficient to state a cognizable claim. At best, Plaintiff's allegations amount to a difference of opinion between a healthcare professional and a prisoner, which does not rise to the level of deliberate indifference. <u>Toguchi</u>, 391 F.3d at 1058. Despite being provided with the relevant legal standard, Plaintiff has been unable to cure the deficiencies in his allegations against Defendant Dr. Nareddy.

<u>Defendant Sosolda</u>

Plaintiff alleges that Defendant Solsolda refused to do anything about Plaintiff's pain medication not helping with pain. As with his claim against Defendant Dr. Nareddy, Plaintiff's allegations amount to a difference of opinion between a healthcare professional and a prisoner. This does not rise to the level of deliberate indifference. <u>Toguchi</u>, 391 F.3d at 1058.

<u>Physical Therapist</u>

Plaintiff alleges that the Defendant physical therapist lied and, as a result, Defendants refused to provide Plaintiff with effective pain medication. Plaintiff's conclusory allegations are not sufficient to state a claim. At best, Plaintiff has merely asserted a claim for negligence against the physical therapist, which is not sufficient to establish deliberate indifference to serious medical needs. <u>Broughton</u>, 622 F.2d at 460.

<u>Defendants Wang, Macias and Zamora</u>

Plaintiff alleges that Defendants Wang and Macias failed to do anything about his condition despite their positions of responsibility and their awareness of Plaintiff's condition. Plaintiff's conclusory allegations are not sufficient to state a claim for deliberate indifference against Defendants Wang and Macias.

To the extent Plaintiff seeks to impose liability against Defendants Wang and Macias based on their supervisory positions, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of

respondeat superior. <u>Iqbal</u>, 556 U.S. at 676–77; <u>Simmons, 609 F.3d at 1020-21</u>; <u>Ewing v. City of Stockton</u>, 588 F.3d 1218, 1235 (9th Cir. 2009); <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002).  Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989); <u>accord</u> <u>Starr v. Baca</u>, 652 F.3d 1202, 1205-06 (9th Cir. 2011); <u>Corales v. Bennett</u>, 567 F.3d 554, 570 (9th Cir. 2009); <u>Preschooler II v. Clark County School Board of Trustees</u>, 479 F.3d 1175, 1182 (9th Cir. 2007); <u>Harris v. Roderick</u>, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff has not alleged that Defendants Wang and Macias participated in or directed any constitutional violations.  Moreover, Plaintiff cannot state a claim against Defendants Wang and Macias for their failure to prevent any violations because Plaintiff has not alleged any cognizable violations of his Eighth Amendment rights.

### IV.   <u>Conclusion and Order</u>

Plaintiff's second amended complaint fails to state a cognizable claim against any of the defendants.  Although Plaintiff was provided with the relevant pleading and legal standards, he was unable to cure the deficiencies identified by the Court.  As such, further leave to amend shall not be granted.  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is HEREBY ORDERED that this action is DISMISSED based on Plaintiff's failure to state a cognizable section 1983 claim.  This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   __**February 19, 2014**__                  ___/s/ *Barbara A. McAuliffe*___
                                         UNITED STATES MAGISTRATE JUDGE